### PHIL DAWSON v. THE STATE.

#### No. 8413.   Decided May 7, 1924.

**Possessing Intoxicating Liquor—Accomplice—Purchaser—Seller.**

Where it was admitted by the State that the State's witness comes within the general rule of an accomplice, and that the omission to so instruct the jury was erroneous unless chapter 61, Acts Thirty-Seventh Legislature, First and Second Called Session brings the witness within the exceptions there provided, held; that by his own testimony as well as that of other witnesses he was acting with appellant as a seller of whisky and is therefore not brought within the exception of the general rule, and the court should have charged on accomplice testimony.

Appeal from the District Court of Stephens. Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of unlawfully possessing intoxicating liquor for the purpose of sale; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

V. L. Shurtleff, for appellant.—Cited: Vaughan v. State, 93 S. W. Rep., 742; Wolf v. State, 85 id., 1145; McDaniel v. State, 90 id., 504.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney and *E. L. Routh,* District Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, with punishment assessed at three years in the penitentiary.

G. W. Martin testified that he had been to appellant's place, and had there purchased whisky, paying fifty cents a drink for it; that both appellant and Al Nolan had served him with the whisky; that he had seen both Nolan and appellant deliver whisky to others and receive pay therefor. R. E. Martin was present with G. W. Martin and testified substantially to the same facts. Nolan testified that he was living with appellant; that whisky was kept there; that witness had seen it sold to G. W. and R. E. Martin and to other parties, and had served customers with whisky under appellant's direction; that on the night the Martin boys were present and purchased whisky witness himself got it from the cupboard behind a counter where it was always kept. The State elected to rely for a conviction upon the possession of whisky by appellant at the time the two Martins claimed to have purchased it, and the jury was so instructed.

The court did not charge that Nolan was an accomplice and that it was necessary to corroborate him before a conviction could be obtained, but on the contrary instructed the jury that the "purchaser or possessor of any of the liquors prohibited from sale or possession shall not be held in law or in fact to be an accomplice" witness. Exception to the charge was specifically lodged for the omission to instruct that Nolan was an accomplice. It is admitted by the State that Nolan comes within the general rule of an accomplice, and that the omission to so instruct the jury was erroneous unless Chapter 61. Acts Thirty-seventh Legislature, 1st and 2d C. S., p. 233 brings the witness within the exceptions there provided. Section 2c of the Act in question reads:

"Upon a trial for a violation of any of the provisions of this Chapter, the *purchaser, transporter,* or *possessor* of any of the liquors prohibited herein shall not be held in law or in fact to be an accomplice, when a witness in any such trial."

When Nolan was called to the witness stand by the State his attorney made the statement that a similar case was pending against the witness and requested permission to advise him as to his rights not to testify to any matter which might incriminate him, whereupon the district attorney, for the State, promised immunity to said witness upon any matter about which his evidence might incriminate or involve him. The record does not more specifically show for what particular offense Nolan stood indicted, but it is clear that it was for some offense growing out of whisky transactions at appellant's house.

"All persons are principals who are guilty of acting together in the commission of an offense." (Art. 74, C. C. P.) Two or more parties may be co-principals in manufacturing, selling, transporting, or possessing for the purpose of sale, intoxicating liquor, and as such co-principals may be either jointly or separately indicted and prosecuted as such. While the specific charge for which appellant was upon trial was possession of liquor for the purpose of sale, yet, the particular transaction upon which the State elected to rely to establish that fact was a sale of whisky to the Martin boys, and their evidence as well as Nolan's made the latter a co-seller with appellant of that particular whisky. Under this state of the record we think it immaterial just what specific offense the State may have selected out of the transaction and procured an indictment for against Nolan. The fact remains that by his own testimony as well as that from the two Martins he was acting with appellant as a "seller" of whisky. By the particular terms of the law (Sec. 2c, 1st and 2d C. S., Thirty-seventh Legislature, p. 233·) upon which the State must rely to relieve Nolan of being an accomplice witness a "seller" is not brought within the exception to the general rule which so classifies him.

Under the facts disclosed by the record the court should have told the jury that Nolan was an accomplice witness, and instructed them upon that issue; for failure to do so the judgment must be reversed and the cause remanded.

*Reversed and remanded.*