### FELIX LOUIS V. THE STATE.

No. 9254.  Delivered December 9, 1925.

**1.—Possessing Intoxicating Liquor—Charge of Court—On Prima Facie Evidence—Held, Correct.**

Where, on a trial for the possession of intoxicating liquor, for the purpose of sale, it was proper for the court to charge that the possession of spirituous liquors capable of producing intoxication in quantities of more than one quart would be prima facie evidence of guilt.  Following Stoneham v. State, 268 S. W. 156.

**2.—Same—Requested Charge—Properly Refused.**

Where, on a trial for possession of intoxicating liquor, appellant was arrested on the streets of Houston while driving a Ford, with a companion sitting on the front seat with him, and a gallon of whiskey was found in the car, there was no error in refusing a requested charge that the jury must find that the whiskey was in the possession of the appellant, and *no one else.* His guilt might have been established by the joint possession of himself and his companion.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale.

The opinion states the case.

*R. W. Adams, Jr.,* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of two years.

There is no conflict in the evidence.  According to it, appellant was arrested upon one of the streets of the city of Houston.  He was driving a Ford automobile.  With him upon the front seat was a companion.  Under the back seat, there

were found a gallon of whiskey in a jug and four empty jugs of like size. At the home of the appellant there were also found eleven gallons of whiskey in jugs similar to those found in the automobile.

The instructions given to the jury submitted such issues as arose from the evidence. The jury were instructed that the possession of spirituous liquors capable of producing intoxication in quantities of more than a quart would be prima facie evidence of guilt. They were also instructed on the credibility of the witnesses and the presumption of innocence.

We think there was no error in refusing special charge No. 1 in which the court was requested to tell the jury that in order to predicate a conviction, the whiskey must be in the possession of the appellant and *no one else*. His guilt might have been established by the joint possession by himself and his companion. The objection to the charge on prima facie evidence is not tenable. See Stoneham v. State, 268 S. W. Rep. 156.

*Affirmed.*