## S. H. Ramsey v. The State.

No. 11228.   Delivered November 9, 1927.

1.—Possessing Mash and Still—Arrest of Judgment—Motion Comes Too Late.

Where appellant made no motion to quash the indictment, but after verdict filed a motion in arrest of judgment on the ground that the indictment was duplicitous, the motion in arrest comes too late. His objection to the indictment should have been presented in a motion to quash.

2.—Same—Evidence—Held Sufficient.

Where appellant himself testified that he was working on the still captured by the officers, with full knowledge that it was to be used for the unlawful manufacture of whiskey, there was no error in the court's refusal to charge the jury that if they believed that to be true, to acquit him. He was clearly a principal, without regard to whether he had any interest in the whiskey that was to be manufactured or not.

3.—Same — Search and Seizure — Insufficient Affidavit — Not Available to Appellant.

Appellant could not be heard to complain of the search of the residence of another person, because of the insufficiency of the affidavit for a search warrant. The right to complain of an illegal search is a privilege personal to the wronged party, and is not available to anyone else. See Cornelius on Search and Seizure, Sec. 12, p. 62; also McFarlane v. State, 298 S. W. 885; Dozier v. State, 289 S. W. 45.

Appeal from the District Court of Wilbarger County.   Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction for the possession of mash and a still for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Storey, Leak & Storey* of Vernon, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is possession of mash and a still for the purpose of manufacturing intoxicating liquor, the punishment confinement in the penitentiary for one year.

Appellant was convicted under an indictment charging him with unlawfully possessing mash and a still for the purpose of manufacturing intoxicating liquor. In a motion in arrest of judgment, which was overruled by the trial court, appellant attacked the indictment as being duplicitous on the ground that the possession of mash is one offense and that the possession of a still is another offense. No motion to quash the indictment was filed by appellant. If the indictment was duplicitous, which is not conceded, appellant made no motion to quash and failed to demand an election by the prosecution. Having failed to avail himself of one of the privileges he cannot take advantage of the alleged duplicity of the indictment after verdict. Melley v. State, 248 S. W. 367; Tuckness v. State, 276 S. W. 277.

Appellant contends that the evidence is insufficient to support the verdict of the jury and the judgment rendered thereon. We are unable to agree with him. The state's testimony, in substance, shows that officers went to the premises and residence of S. A. Lahon; that appellant was sitting in some brush soldering some parts of a still; that his companion, S. A. Lahon, was engaged in digging a pit; that three barrels of mash were found on the premises, although appellant was not near the mash; that fruit jars were found in the house of Lahon, which had whiskey in them. Appellant defended on the ground that he had been employed by S. A. Lahon as a tinner and that Lahon paid him three dollars a day and board for his work; that he knew that he was working on a still and that he thought that it was to be used for the purpose of manufacturing liquor; but that he had no interest in the still and was merely working for wages. He testified further that he was to do the soldering and was to ask no questions.

Appellant complains of the failure of the court to submit a charge affirmatively covering his defensive theory. In connection with his objection to the court's charge, he submitted a requested instruction, which in substance would have advised the jury that if they had a reasonable doubt that he (appellant) was engaged as a tinner or mechanic in working on the still or constructing said still or parts thereof, but that he had no interest in the same, but was only hired to do the work and had no intention of making whiskey alone or with someone else, that he would not be guilty of the offense with which he was charged. Conceding that appellant's theory is supported by his testimony, the same would not constitute a defense to the charge contained in the indictment. Appellant stated that he knew he

was working on a still and thought that it would be used for the purpose of manufacturing liquor.   This testimony constituted appellant a principal.   Art. 66, P. C., provides:

"When an offense is actually committed by one or more persons but others are present and knowing the unlawful intent, aid by acts, or encourage by words or gestures, those actually engaged in the commission of the unlawful act, * * * such persons so aiding or encouraging * * * are principal offenders."

The officers making the search secured a search warrant authorizing them to search the residence of S. A. Lahon.   The affidavit for the search warrant was made on information and belief and there were given therein no facts, circumstances or detailed information tending to show that said residence was being used for a purpose denounced by Art. 691, P. C.   Appellant objected to the testimony of the officers touching the results of the search of the residence and premises of S. A. Lahon. The court did not err in admitting the testimony.   Appellant was not in any manner interested in the premises.   The right to complain because of an illegal search is a privilege personal to the wronged or injured party and is not available to anyone else.   Cornelius on Search and Seizure, Sec. 12 p. 62.   See also McFarlane v. State, 292 S. W. 885; Dozier v. State, 289 S. W. 45.

We have carefully considered the remainder of appellant's contentions and find no prejudicial error.

The judgment is affirmed.                          *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.