WALTER B. VAN ZANDT V. THE STATE.

No. 11412. Delivered March 7, 1928.

Rehearing denied May 8, 1928.

**1.—Possessing a Still—Principal Offenders—Rule Stated.**

Where, on a trial for possessing a still, it was shown and admitted by appellant, that he was present at the still, helped to put it together, and helped put in the mash, build the fire, etc., and that he knew his father was trying to make whiskey, and he was helping him, these facts would constitute appellant a principal offender.

**2.—Same—Continued.**

To possess a still for the purpose of manufacturing intoxicating liquor is an offense, and several parties may act together as principal offenders. One who aids or assists another for accommodation or for pay, would not excuse such party, nor in anywise affect the question of principalship. See Atwood v. State, 277 S. W. 665; Riojas v. State, 277 S. W. 640.

**3.—Same—Copy of Indictment Served—Held Sufficient.**

Where appellant complained that in the copy of the indictment served on him, one word in the fourth count was not correctly spelled was without merit, and especially so in view of the fact that said fourth count of the investment was not submitted to the jury.

### ON REHEARING.

**4.—Same—Principal Offenders—Rule Stated.**

There was no merit in appellant's contentions that he did not have possession of the still in question, because same was owned by his father, and that appellant was only present and assisting his father in an attempt to manfacture whiskey.

**5.—Same—Continued.**

Arts. 65 and 66, P. C., are as follows: "All persons are principals who are guilty of acting together in the commission of an offense," and "When an offense is actually committed by one or more persons, but others are present and knowing the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful act, or who, not being actually present, keep watch, so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging, or keeping watch, are principal offenders.

**6.—Same—Continued.**

It has been held by this court that "Two or more parties may be co-principals in manufacturing, selling, transporting or possessing for the purpose of sale, intoxicating liquor, and as such co-principals may be either jointly or separately indicted and prosecuted as such." See Dawson v. State, 97 Tex. Crim. Rep. 408.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. C. Hamilton, Judge.

Appeal from a conviction for possessing a still, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing a still, punishment one year in the penitentiary.

The indictment contained five counts, but the court submitted to the jury only the first and third, which charged, respectively, the manufacture of intoxicating liquor, and the possession of a still for the purpose of said manufacture. The verdict of the jury found appellant guilty under the third count.

Officers testified that they saw appellant, his father and another man put together a still about 1 a. m., and saw them

put into same mash and build a fire under it, and add wood from time to time. The officers watched the performance about three hours, at which time the other two men were lying down, apparently a asleep, and appellant was chunking the fire and attending to things generally. The officers advanced and put the entire party under arrest. On the trial appellant took the stand and admitted that he went with his father and the other man to where the still was, helped them put it together, and helped put in the mash, build a fire, etc., etc. He said he knew his father was trying to make some whiskey and he was doing all he could to help him. To make whiskey save for several excepted purposes is unlawful; to possess a still for the purpose of making it is also unlawful. We perceive no sound reason for doubting that several parties may act together as principal offenders in either offense. That one who aids or assists another in those things which make out guilt under the law, does so for accommodation or for pay, would not seem to render him guiltless. That the intoxicating liquor so made or the still so possessed belonged exclusively to someone of the alleged principals, other than the appellant, would not seem to affect in anywise the question of principalship, or the guilt as principals, of the others. No such distinction exists as to who are and who are not principals in any of those ways in which persons can be such under the law. Atwood v. State, 277 S. W. 665; Riojas v. State, 277 S. W. 640.

The bill complaining that appellant was not served with or furnished a true copy of the indictment, is without merit. It is qualified by the statement that he had been served with a copy, and that his only complaint here was that one word in the fourth count in the indictment served upon him, was not correctly spelled. This count in the indictment was not submitted. The request that the court give a peremptory instruction in favor of the accused was based upon the mistaken idea as to the law of principals, which is above discussed. We find no facts in the record calling for the instruction requested in the fourth bill of exceptions.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—Although appellant admitted in his testimony that he knew his father was trying to make whiskey and that appellant was doing all he could to assist in the enterprise, he excepted to the court's charge because the jury was not instructed that if appellant was only present and assisting in

an attempt to manufacture liquor and did not have possession of the still he would not be guilty. He now insists that a charge to that effect should have been given. We confess that we have not been able to follow appellant's reasoning in the matter. The effect of the charge desired would have been to tell the jury that although appellant was present and assisting in an attempt to manufacture liquor he could not be guilty of possessing the still where ownership thereof was in someone else. Such an instruction, to our minds, would have been contrary to the law of principals as announced in Arts. 65 and 66, P. C., which are as follows:

"All persons are principals who are guilty of acting together in the commission of an offense."

"When an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful act, or who, not being actually present, keep watch so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging or keeping watch are principal offenders."

We have heretofore announced in Dawson v. State, 97 Tex. Crim. Rep. 408, 261 S. W. 1050, that:

"Two or more parties may be co-principals in manufacturing, selling, transporting, or possessing, for the purpose of sale, intoxicating liquor, and as such co-principals may be either jointly or separately indicted and prosecuted as such."

We see no reason why the same would not be true in the present case. See also Louis v. State, 102 Tex. Crim. Rep. 440, 278 S. W. 205. If one in possession of a still was preparing to manufacture liquor and another was keeping watch in order to prevent interruption of such unlawful possession it seems patent that one so keeping watch would be a principal offender. We see nothing to prevent appellant from being a principal under the conceded facts.

The motion for rehearing is overruled.

*Overruled.*