## Vincent Spero and Lewis Sicola v. The State.

No. 11377. Delivered March 21, 1928.

Rehearing denied April 18, 1928.

**1.—Possessing Mash, Etc.—Principals—Evidence Sufficient.**

Where two persons were found in possession of mash and other articles and materials for the manufacture of intoxicating liquor, whether they were the employees of a third party or acting upon their own behalf and entirely independent of him, would not be controlling, they were nevertheless principal offenders, within the meaning of the law. Following Rodriguez v. State, 100 Tex. Crim. Rep. 11; Ramsey v. State, 299 S. W. 411. Also see Title 3, P. C., 1925; Vernon's Ann. P. C., Vol. 1, p. 55.

### ON REHEARING.

**2.—Same—Charge of Court—On Insanity—Issue Not Raised—Properly Omitted.**

Where there is evidence strongly suggesting the insanity of the accused the trial court should submit that issue to the jury and instruct them in regard to the burden of proof. In the instant case, however, there was no proof of insanity and the court did not err in not submitting the issue to the jury. See Harris v. State, 172 S. W. 975.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. Whit Boyd, Judge.

Appeal from a conviction for possessing mash, etc., for the manufacture of intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*Winfree & Weslow* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The appellants were charged jointly with the possession of mash and materials for the manufacture of intoxicating liquor, punishment fixed at confinement in the penitentiary for a period of three years.

The appellant, Lewis Sicola, entered a plea of guilty, while Vincent Spero entered a plea of not guilty.

According to the state's testimony, the appellants were found living together in a small house near which there was a newly-built barn. Acting under a search warrant, some officers searched the barn and found therein no horses or stock of that nature, but 100 sacks of sugar, 142 fifty-gallon barrels of mash, a 150-gallon still, a ten-burner still base, hogshead and other articles which the proof showed were used for the purpose of making intoxicating liquor. Each of the appellants testified that he was merely a hired laborer, that he did not own the property described, and had engaged in the work but a few days. The confession of each of the appellants was introduced, from which it appears that they were each employed by a man named "John," one to stir the mash and help operate the still, the other to put water and sugar in the mixture. One was to receive $25.00 per week; the other $18.00. In the confession it was stated that no whiskey had been made up to the time of their arrest. Each of the appellants asked for a suspended sentence. A further statement of the testimony is deemed unnecessary.

There are some bills of exceptions, but they present no matter requiring discussion or authorizing a reversal of the judgment.

With reference to each of the appellants, the proposition is advanced that they were not principal offenders; that they were simply employees of a person described as "John;" that this was an exculpatory fact which appeared from their confessions

which were introduced by the state and not disproved.   As we view the matter, the contention is untenable.   Whether they were employes of "John" or acting upon their own behalf and entirely independent of him, would not be controlling.   They were, nevertheless, principal offenders within the meaning of the law.   See Chap. 1, Title 3, P. C., 1925, Vernon's Ann. P. C., Vol. 1, p. 55; also Rodriguez v. State, 100 Tex. Crim. Rep. 11, 271 S. W. 380; Ramsey v. State, 299 S. W. 411; Van Zandt v. State (11412), not yet reported.

We will add that so far as the appellant Sicola is affected, his plea of guilty admitted his liability, and the introduction of evidence was solely for the purpose of enabling the jury to fix the penalty.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellants move for a rehearing upon the proposition that error was committed by the trial court in not submitting to the jury the question of the sanity of appellants.   They base their contention upon Harris v. State, 172 S. W. 975.   Appellants misapprehend the effect of the holding in that case.   In that case, upon a plea of guilty, much evidence was introduced strongly suggesting the insanity of the accused, and this court held that in such case the court should have submitted the issue to the jury and should have instructed them in regard to the burden of proof.   We have declined to follow this case in certain regards.   Taylor v. State, 227 S. W. 679. In the instant case there was no proof of insanity, and the court did not err in not submitting the issue to the jury.

The motion for rehearing is overruled.

*Overruled.*