## A. K. BENNETT v. THE STATE.

No. 12556.   Delivered November 13, 1929.
Rehearing denied December 11, 1929.

The opinion states the case.

*Myres & Pressly* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for possessing equipment for the manufacture of intoxicating liquor. Officers of Bosque County went to a vacant house and there discovered three parties. One Rice was holding a still upon which appellant was working with a soldering iron. Upon discovery of the officers all three parties ran. The sheriff overtook appellant who stated he was working for Johnson County officers in detecting violations of the liquor law. The sheriff told him if such was found to be true he would be released, otherwise not. He also told the sheriff he had no interest in the still or mash found but that he was working on the still for Rice. Upon the trial no evidence was offered for the defense either through the testimony of appellant or any other witness, and no defensive issues were presented save as they may have been suggested by statements made by appellant to the sheriff at the time of the arrest.

The court defined possession as meaning that appellant "must have had the personal and actual custody, possession and control, *either alone or acting with another* of the equipment in question." This charge was objected to for using the term "either alone or acting with another"; a special charge was requested and refused which would have told the jury that if appellant did not own the equipment and had no interest therein to acquit him.

Another special charge was requested and refused to the effect that the mere presence of appellant would not make him guilty but that he must have been in the *exclusive* personal control of the equipment. The charge given is in accord with our holdings and the requested charges did not contain sound principles of law. Two or more parties may be co-principals in possessing equipment for the manufacture of intoxicating liquor as well as co-principals in manufacturing, transporting, or possessing it for the purpose of sale. Dawson v. State, 97 Tex. Cr. R. 408, 261 S. W. 1050; Louis v. State, 102 Tex. Cr. R. 440, 278 S. W. 205; Rodriquez v. State, 100 Tex. Cr. R. 11, 271 S. W. 380; Ramsey v. State, 108 Tex. Cr. R. 182, 299 S. W. 411; Van Zandt v. State, 109 Tex. Cr. R. 513, 5 S. W. (2d) 771.

The case was submitted on circumstantial evidence. In applying the principle of exclusion the court told the jury that the circumstances must produce in effect a reasonable and moral certainty that the "accused, *either alone or acting with another,* committed the offense." Objections to this charge was also presented on the ground that under the law of circumstantial evidence the circumstances must show that accused and *no other* person committed the offense. The objection interposed is not tenable where the court is dealing with a case in which the evidence supports a theory that accused and others were acting together in committing the offense charged; in such a case for the jury to be told that the circumstances must show that accused and no other person committed the offense would be error against the state. Ordell v. State, 95 Tex. Cr. R. 360, 254 S. W. 977.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—No doubt is entertained of the sufficiency of the evidence to sustain the verdict. The State's witnesses testified that the apparatus found was a still for the purpose of making whisky. The circumstances were such as to warrant the conclusion that it was used for that purpose. In the original opinion, the only matter not fully discussed is the sufficiency of the evidence.

The motion is overruled.

*Overruled.*