WILLIE MCCARTY V. THE STATE.

No. 15447. Delivered January 11, 1933.
Rehearing Denied February 22, 1933.
Reported in 57 S. W. (2d) 114.

The opinion states the case.

*Robert H. Hopkins,* of Denton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

Appellant challenges the sufficiency of the evidence. The state's testimony was, in substance, as follows: On April 11, 1931, an officer stationed himself in an elevator 368 steps from appellant's residence. Between 8 and 9 o'clock in the morning he observed one Sullivan drive up to appellant's house and stop. Appellant came out of the house and talked to Sullivan. When this conversation was ended, appellant re-entered the

house, and later brought out a pint bottle, which appeared to be red. The officer was using a German field glass, and was able to determine accurately the size and color of the bottle. Later one Nance drove to appellant's residence and was met by appellant. After the parties had conversed a few minutes, appellant entered the house and returned with a pint bottle, which appeared to be red. When he delivered this bottle, Nance gave appellant something, which the officer was unable to see. The same procedure took place when Marshall Scoggins appeared on the scene, and later, when one Hughes came to the house, appellant went into the house and returned with a pint bottle which he delivered to him. One Rogers appeared and had a conversation with appellant, after which, appellant entered the house and returned in a few minutes with a half pint bottle which was red. At 8 o'clock at night on April 11, 1931 (the same day) officers went to appellant's residence with a search warrant for the purpose of making a search for intoxicating liquor. Appellant was not present at the time. In the house were appellant's mother and grandmother, who resided with appellant. In a hallway between the rooms there was an ice box. Under this box there was a trap door. Opening the trap door, the officers discovered a stove pipe. In this stove pipe they found three pints and three half pints of whisky. They also found (the exact location not being shown), a number of fruit jars, pint and half pint bottles. Smelling these bottles, they detected the odor of whisky. In the house were some men's clothing. Parked near the house was appellant's automobile and another car. One hundred yards across the street was another house, which was controlled by appellant. In this house the officers discovered some empty fruit jars, an old table, an old stove, and some poker chips. There was no clothing in the house, and it was not "fixed up for anybody to live in."

Testifying in his own behalf, appellant declared that he lived in the house one hundred yards distant from his mother's residence, and had no control over or management of the house in which the whisky was discovered. He denied that the whisky belonged to him, and stated that he did not know it was in the house. Further, he denied that he had delivered anything in pint or half pint bottles to Nance and the other parties named by one of the officers. He admitted that the two cars parked near the house belonged to him. He said he might have been at his mother's home on the day in question, as he frequently went there to carry groceries. Nance and several of the other parties named by the officer testified for appellant, their ver-

sion being in the main that they might have been at the house in question at the time testified to by the officer, but that they went there either for the purpose of collecting money due them by appellant, or of selling him some article of merchandise. Each of the witnesses denied that appellant delivered any red liquid in pint or half pint bottles on the occasion in question. Appellant's mother testified that appellant did not live at her house, and had not been there on the occasion in question. She said appellant occupied the house one hundred yards distant, across the street. She denied that the parties named by the officer came to the house on the morning of April 11th. She said appellant delivered no whisky to any person on that occasion. She testified, further, that her son Leonard brought some whisky to the place a short time prior to the raid, and gave her a pint for medicinal purposes. She declared that appellant did not put the whisky under the floor. Further, she said that only she and her mother lived in the house, and that neither her husband, Jim Lee, nor her son, Leonard, lived there with them at the time. Jim Lee testified that he (Lee) had not been in the house since the month of October prior to the search, and was not living there at the time the search was made. He declared that appellant's house was on the opposite side of the street.

Whether required or not, the court charged on circumstantial evidence. We are unable to reach the conclusion that the evidence is insufficient. The state's proof was direct that appellant lived in the house in which the whisky was found. The proof of appellant's witnesses was to the effect that only appellant's mother and grandmother lived in the house. The jury were warranted in concluding that appellant lived in the house with his mother and grandmother, and that no other adult person resided there. The jury being warranted in concluding that the house searched was the residence of appellant, the next question is whether the circumstances in evidence were sufficient to support the finding that appellant.was in possession of the whisky discovered by the officers. The jury had before them the testimony of the officer touching appellant's actions prior to the raid. From such testimony, they were not unwarranted in concluding that appellant delivered to several parties pint and half pint bottles containing a red substance of some character. In the house were several pint and half pint bottles which appeared to have had whisky in them. We think the evidence sufficient to support the finding that appellant possessed the whisky. The amount of whisky discovered by the officers exceeded one quart. This made operative the statute

relating to the presumption arising from the possession of more than a quart of intoxicating liquor. This, taken in connection with appellant's actions on the morning prior to the raid, is deemed to support the finding that the possession was for the purpose of sale.

Bill of exception No. 1 brings forward appellant's objection to the testimony of the officers touching the result of the search of the house occupied by appellant's mother. It embraces no objection to the search of the house across the street claimed by appellant to be his residence. The specific objection was that the description of the premises in the affidavit and search warrant was insufficient. We deem the objection not well taken. After reciting that the place to be searched is situated in the county of Denton and state of Texas, the affidavit reads: "The private residence and buildings and premises occupied by Willie McCarty, the same being situated in the southeast part of the Town of Sanger, Texas, and being on the east side of the Santa Fe Railroad, and being on the east side of the second street east of the Santa Fe depot and about a block south of the Sanger to Aubrey public highway; that the particular described place is occupied by Willie McCarty as a residence."

The description in the search warrant follows that embraced in the affidavit.

Bill of exception No. 2 is concerned with the action of the court in declining to submit to the jury the following requested charge: "In order to convict in this case the state must prove to your satisfaction, beyond a reasonable doubt, that the defendant had the exclusive control, management and ownership of said liquor, if any was found."

In the general charge the court instructed the jury that they could not convict unless they believed beyond a reasonable doubt that appellant had the care, control, and management of the whisky, and possessed it for the purpose of sale. Further, the jury were instructed that appellant could not be convicted unless the jury believed beyond a reasonable doubt that he possessed the liquor in question, and that said possession was for the purpose of sale. We think the charge of the court was sufficient to cover the subject embraced in appellant's requested instruction.

It is shown in bill of exception No. 3 that appellant excepted to the action of the court in refusing to give a requested charge reading as follows: "You are instructed in this case that you will decide whether or not the premises searched were the residence of the defendant, and if you have a reasonable doubt thereof you will acquit the defendant."

The question was whether appellant possessed the whisky for the purpose of sale. Under the evidence, appellant might have exercised the management, care and control of the whisky and yet not have resided at the premises searched. We think the court was warranted in rejecting the charge.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—On the original hearing the appellant's brief was carefully examined and considered. The brief, together with the motion for rehearing and the record, has been again carefully reviewed.

In bill of exception No. 1, the testimony of the officers who searched the house is opposed by the appellant upon the ground, as stated in the bill, that "the description fails to state how many houses were on the street to be searched, and that it failed to state the location of the house to be searched, except to state that it was on the East side of said street." The affidavit and the warrant are both copied in the bill. In the affidavit for the search warrant the following is stated: "The private residence and buildings and premises occupied by Willie McCarty, the same being situated in the Southeast part of the town of Sanger, Texas, and being on the East side of the Santa Fe Railroad, and being on the East side of the Second Street East of the Santa Fe Depot and about a block South of the Sanger to Aubrey public highway; that the said described place is occupied by Willie McCarty as his residence; that intoxicating liquor is being sold and manufactured in said residence by the said Willie McCarty."

The same description is contained in the warrant.

The objection to the evidence is not deemed tenable. There is nothing in the bill to show that there were any other houses on the same street on which the dwelling in question was located. However, the description, as copied from the affidavit above, is deemed sufficient, although there may have been other houses on the street. The house is identified as one controlled and occupied by the appellant. We find nothing in any of the precedents cited by the appellant which would sustain the contention that the description was insufficient.

The refusal to give the instruction embraced in bill of ex-

ception No. 2, as set out in the original opinion, presents no error. The exclusive possession, control, and management of the intoxicating liquor in the appellant was not essential to constitute his guilt. See Bennett v. State, 113 Texas Crim. Rep., 460; Van Zandt v. State, 109 Texas Crim. Rep., 513, 5 S. W. (2d) 771; Spero v. State, 5 S. W. (2d) 145.

The refusal to instruct the jury, as set out in bill of exception No. 3, which instruction is copied in the original opinion, is deemed to have been a proper ruling of the court under the facts. The guilt of the appellant primarily did not depend upon his ownership of the residence searched, and in which the whisky was found. Whether the residence in which the officers claimed to have found the whisky was the residence of the appellant was a controverted issue of fact. The officers searched the house which they understood to be the home of the appellant. His mother and grandmother also lived there. Some of the whisky found was in a stovepipe under the house. In the officers' testimony there was exhibited other evidence tending to support the state's theory that the appellant possessed intoxicating liquor for the purpose of sale. Appellant testified that he did not live in the house which was searched, and in which the whisky was found; that it was not his dwelling-place; and that he had no connection with the ownership of the whisky. If the house searched and in which whisky was found was the residence of the appellant, the warrant possessed by the officers authorized them to search it, and the circumstances were sufficient to identify the appellant as the possessor of the whisky. The quantity of whisky found was sufficient to meet the law declaring that the possession of more than one quart of whisky is prima facie evidence that it was possessed for sale. Article 671, P. C., 1925. If the house searched and in which the whisky was found was not the residence of the appellant, he would not be in a position to complain of the search of it. The court committed no error in refusing to instruct the jury that if the house searched did not belong to the appellant, there could be no conviction. See Craft v. State, 107 Texas Crim. Rep., 130, 295 S. W., 617; also Flower v. State, 113 Texas Crim. Rep., 69.

The fact that the appellant possessed intoxicating liquor in the home of some other person would not exculpate him if he possessed it for the purpose of sale. There are several precedents upon the subject. See Craft v. State, supra.

A number of questions are brought forward in the motion for new trial, including the complaint of various matters which have been discussed above touching the sufficiency of the affi-

davit and search warrant, and other matters which have been mentioned in the foregoing opinion; also certain alleged remarks of counsel for the state. Complaint of remarks of counsel and the ruling upon the introduction of evidence are not available, in the absence of bills of exception. See Johnson v. State, 111 Texas Crim. Rep., 395; Rollins v. State, 53 S. W. (2d) 786; Mershon v. State, 55 S. W. (2d) 836; Cade v. State, 258 S. W., 484. There are no bills relating to the rulings of the court and the argument of counsel. The bills of exception relating to the introduction of evidence have hereinabove been discussed.

The circumstances detailed before the jury are deemed sufficient to support the conclusion of guilt. Therefore, the motion for rehearing is overruled.

*Overruled.*