CHARLEY ELMS v. THE STATE.

No. 13011. Delivered March 5, 1930.
Rehearing denied April 9, 1930.
Reported in 26 S. W. (2d) 211.

The opinion states the case.

*W. R. Parker* and *V. R. Parker,* both of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is manufacturing intoxicating liquor; the punishment confinement in the penitentiary for three years.

Operating under a search warrant, officers searched appellant's private residence and found therein a complete still having about two hundred gallons capacity, about one hundred barrels of mash, twelve or fifteen gallons of whiskey and twenty-two cases of empty fruit jars. The still was hot. Two buckets containing whiskey were under pipes connected with the still. Whiskey was dripping from these pipes. Appellant told the officers that he and another man had been manufacturing whiskey. He showed the officers how the whiskey was colored and how the still operated. Appellant did not testify in his own behalf. Appellant's attorneys made the following statement in the presence of the jury: "We will admit that the still found on the premises was fully equipped and capable of manufacturing intoxicating liquor—whiskey."

The affidavit for the search warrant, omitting the formal parts, read as follows: "That they have reason to believe and do believe that within a certain house, store, building or outhouse, located in Tarrant County, Texas, and particularly described as follows: One two-story yellow brick house in the south-east corner of the thirty-eight hundred block on the Dallas and Fort Worth Pike due north of the Stop-Virginia, said two-story house facing south on the Dallas and Fort Worth Pike and being the only two-story house in said block, which said place is occupied by parties unknown and whose description is unknown, who has charge and control of, there is located certain property which is being used as a means of violating the prohibition laws of Texas prohibiting the manufacture and sale of intoxicating liquor, being property and implements described as follows to-wit: Complete still used for the manufacture of whiskey and also whiskey; That the particular grounds for the aforesaid belief of affiants are as follows: Affiants have been informed by various parties that whiskey is being manufactured and sold on said premises and affiants have investigated and upon close investigation have smelled the odor of whiskey and mash; that such odor is very pronounced and all shades are closely drawn on said premises."

Appellant's first contention is that the search was illegal, because appellant was not notified by the officers that they had a search warrant. The officers had the search warrant. They merely failed to notify appellant of such fact. When the officers approached, appellant was hiding in the brush, and it does not appear that he was in the house when the officers entered. He was later brought in after the search had already started. The failure to give the notice provided for in Art. 319, C. C. P. did not render the search illegal. Justice v. State, 18 S. W. (2d) 657.

Appellant contends that the facts and circumstances detailed in the affidavit are not sufficient to show "probable cause." In Rozner v. State, 3 S. W. (2d) 441, we held that a statement to the effect that affiants had been informed that about ten days or two weeks prior to the making of the affidavit the accused had fifteen gallons of whiskey in his smokehouse "presented such a state of affairs that this court would have no right to say, as a matter of law, that the magistrate has abused his discretion in deciding that probable cause existed for authorizing the warrant to issue." The affidavit in the present case expressly averred that the affiants had been informed by various parties that whiskey was being manufactured and sold on appellant's premises. Moreover, it was stated that the affiants had investigated the premises and had smelled the odor of whiskey and mash. We think we would have no right to say that the magistrate abused his discretion in deciding that probable cause existed for the issuance of the warrant.

It is contended that the affidavit is insufficient in that it fails to state that the description of the parties occupying the premises was unknown to the affiants. It is stated in the affidavit that the premises were occupied "by parties unknown and whose description is unknown." Subdivision 1 of Art. 310, C. C. P., relative to the requisites of an affidavit for a search warrant, provides that the affidavit shall contain the name of the person,—or if his name be unknown a description of him, or that it shall be stated that he is unknown. The affidavit complies with this requisite of the statute.

It is contended that the affidavit is void for its failure to embrace an averment to the effect that intoxicating liquor was being manufactured or sold in appellant's private residence. An examination of the affidavit discloses that it is averred that whiskey was being manufactured and sold on said premises.

Upon the foregoing contentions appellant based his objections to the testimony of the officers touching the result of the search.

It follows from what we have said relative to the sufficiency of the affidavit, that the officers were properly permitted to testify.

Over objection by appellant, the officers were permitted to testify that appellant showed them how to color whiskey, explained how the still operated and told them that he and another man were manufacturing intoxicating liquor. The objections to this testimony were that appellant was under arrest, that his statements were not res gestae and that the statute relative to confession made while under arrest had not been complied with. It is certified in the bill that appellant was under arrest. It is not certified that the matters complained of were not res gestae. There is a further certificate to the effect that the statement was made fifteen minutes or more after appellant's arrest, and that the still was not in operation at the time. We deem the bill insufficient in its recitals to negative the fact that the matters complained of were res gestae. When the officers entered the house, whiskey was dripping from the coils into buckets. The still was hot. Appellant was in the room with the still and whiskey when the statement relative to his connection with the manufacture of intoxicating liquor was made, and this was shortly after said still and whiskey had been discovered. We think his statement was admissible as res gestae.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant earnestly insists that his case is not comprehended by that of Justice v. State, 18 S. W. (2d) 657, wherein we passed upon the proposition that one who is not notified by the officers of the fact that they have a search warrant, as is set out in Art. 319, C. C. P., can object to the subsequent actions of the officers, and what was found by them, as being evidence obtained in violation of the law. A re-examination of the Justice case convinces us that on its record this case is in precisely the same condition as the Justice case. The bill of exception presenting this case does not set out any facts as supporting the contentions made in the objections. However, we understand the Justice case, supra, to hold that regardless of whether the officer notified the occupants of the

premises about to be searched, such fact would not justify the rejection of testimony as to what he found upon such search.

We think the affidavit in this case not similar to the one set out and discussed in Ruhmann v. State, 22 S. W. (2d) 1069. After setting out that the affidavit was made on information and belief, we find the following statement made in said affidavit:

"Affiants have been informed by various parties that whiskey is being manufactured and sold on said premises and affiants have investigated and upon close investigation have smelled the odor of whiskey and mash; that such odor is very pronounced and all shades are closely drawn on said premises."

As we construe this statement it is a direct averment based on information of others that whiskey is being manufactured upon the premises. We find further no averment in the affidavit or search warrant that the premises to be searched constituted the private residence of appellant. Nor do we think the facts in this case justified such assumption. Appellant was only twenty-one years old, and there is no testimony that he was a married man or head of a household. His sister leased or rented the premises in question, making false statements to the owner as to the purpose for which she was renting it. She evidently turned it over to appellant for the purpose of conducting therein the business of manufacturing and selling intoxicating liquor. The fact that he and another man occupied it for sleeping purposes, or even for living in same, would under these facts hardly seem to justify the ascription to the premises of the character of a private residence. In any event, we think the original opinion not in error in holding the affidavit sufficient.

There is also complaint of the fact that upon cross-examination of the officers making the affidavit, it appears to have been developed that they did not have full information upon the matters set out in the affidavit. As we understand the authorities, this court has consistently declined to uphold contentions based on a claim that the statements in the affidavit could be shown or had been shown to be untrue, or that the officer was not justified in making the statements. These are matters for the magistrate to whom the affidavit is presented and who acts in a judicial capacity in passing upon the facts thus presented to him. Where the affidavit is sufficient in form and the magistrate accepts and acts upon same, this court declines to go behind the affidavit. Hunter v. State, 111 Tex. Cr. 252.

The motion for rehearing will be overruled.

*Overruled.*