## SAMMIE McGEE v. THE STATE.

No. 14488. Delivered June 24, 1932.
Reported in 51 S. W. (2d) 714.

The opinion states the case.

*S. H. Milwee,* of Colorado, Texas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

There is complaint by two bills of exception of the receipt of the testimony of two officers as to the result of their search of a tourist camp under the control and supervision of appellant who was present at the time. There is no opposition to the fact that said officers had a legal search warrant when they entered the house, but, as we understand it, the objection rests on the proposition that the officers had entered the house before they read or served the warrant. There is no brief on file for appellant, and we reach our conclusions from an inspection of the bills referred to. Each bill is qualified at length. Complaint that the officers failed to notify appellant of their possession of such warrant, or their intention to search, before they entered the house, is decided against appellant in Justice v. State, 112 Texas Crim. Rep., 586, 18 S. W. (2d) 657, and Elms v. State, 114 Texas Crim. Rep., 642, 26 S. W. (2d) 211. Those cases are so exactly in point as that we do not further discuss the matter.

It is set up in the third bill of exception that at a time after their retirement, and when the jury stood eight for conviction and four for acquittal, one of the jurors, Mr. Brown, said that appellant had been in the penitentiary before, and that upon another ballot the jury stood ten for conviction and two for acquittal, and that Brown renewed his claim that appellant had been in the penitentiary, and upon another ballot all twelve jurors voted guilty. We find no such state of facts in the statement of the testimony heard by the trial court upon the presentation of the motion for new trial, at which time the court heard all twelve of the jurors who tried the case. Most favorably to appellant's contention, it might be said that most of the jurors did testify that something was said about appellant having been in the penitentiary at a former time, but they all agree that as soon as this was said it was rebuked and the jury told they could not consider it, and there was no further mention or discussion of it. Some said Brown made the statement, others that they did not know who said it. Appellant introduced two of said jurors who

testified that the matter was thus mentioned; on cross-examination each of these gentlemen said he had heard before he went on the jury that appellant had served a term in the penitentiary. It is without dispute that eight jurors had voted for conviction before it is claimed such remark was made in the jury room. Another juror who had voted for acquittal at first, testified that he did not hear discussed or mentioned in the jury room that appellant had been in the penitentiary. Three other jurors testified on the hearing that they had heard, before going upon the jury, that appellant had served a term in the penitentiary. Brown, the juror referred to as having made the statement in the jury room, testified that he made no such statement. We do not think these facts reflect an abuse of sound discretion on the part of the trial court in overruling the motion for new trial. The testimony of appellant's guilt was undisputed and overwhelming. The penalty fixed was the minimum. The jurors who were for acquittal seem to have known before they were taken on the jury that appellant had been before given a term in the penitentiary. The principle involved is discussed in Oates v. State, 56 Texas Crim. Rep., 571, 121 S. W.; 370; Ray v. State, 35 Texas Crim. Rep., 354, 33 S. W., 869; Morrison v. State, 39 Texas Crim. Rep., 519, 47 S. W., 369. In Ross v. State, 98 Texas Crim. Rep., 575, 267 S. W., 499, the subject is fully discussed and the authorities reviewed. It seems well settled that where there is conflicting testimony heard upon the motion for new trial, the court below has large discretion. Kelly v. State, 95 Texas Crim. Rep., 138, 252 S. W., 1065.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*