### PHONIE WRIGHT V. THE STATE.

No. 15914. Delivered June 21, 1933.
Appeal Reinstated October 18, 1933.
Reported in 63 S. W. (2d) 851.

The opinion states the case.

*M. E. Sandlin* and *J. E. Sturrock,* both of Woodville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for three years.

The caption fails to show the date of the adjournment of the trial court. Under the decisions of this court the appeal must be dismissed. Howle v. State, 43 S. W. (2d) 594.

Appellant is granted 15 days in which to perfect the record. The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—This case was dismissed at a former term because of a defective caption. The error has been corrected, and the case will be considered upon its merits.

A continuance is properly refused when sought because of the absence of a witness for whom no subpoena has been issued in the case. Appellant's only diligence shown here is that he had had subpoena issued for the absent witness in a companion case growing out of the same transaction. This was not sufficient. Yarbrough v. State, 66 Texas Crim. Rep., 324.

The record in this case demonstrates that the court below himself passed upon the sufficiency of the lost affidavit and search warrant, and concluded them of legal sufficiency to admit before the jury testimony as to what was found upon search of appellant's house. Testimony bearing upon the contents of said lost papers was heard, partly in and party out of the hearing of the jury,—and appellant seems to have framed his bill of exception No. 2 upon the idea that the court below was intending to submit to the jury the legal sufficiency of said lost documents. No complaint is based upon the fact that some of the

testimony was heard in the presence of the jury. Examination of the charge of the court and of the entire record makes it clear that the issue of the sufficience of the affidavit and search warrant was not submitted to the jury, but that in the charge the jury were properly told to pass only on the question of appellant's guilt or otherwise.

Bill of exception No. 3 brings forward objection to the testimony of Sheriff Ferguson as to what was found in appellant's house as a result of a search thereof by the officers. Five grounds of objection to the testimony are stated in said bill, but not one of them is therein verified as true either by express statement of the court, or by any recital of facts supporting such objections.

Bill of exception No. 4 does not appear in the record. Bill No. 5 complains of the fact that the state rested its case, and when appellant's attorney retired from the court room to prepare a motion for an instructed verdict of acquittal, but before he had finished or presented same,—the court upon request permitted the state to recall a witness, reopen the case and make additional proof, to the making of which proof this objection is addressed. We fail to see any error in the action of the court.

Bill of exception No. 6 reflects objection made by the state to a question, which was sustained. The bill contains no showing as to what the witness would have answered. This would, of course, make the bill bad, but as we view it the answer would have been immaterial whether affirmative or negative,—in the absence of some additional showing in the bill as to the validity vel non of the affidavit for search warrant.

Bill of exception No. 7 shows the overruling of a motion for an instructed verdict, to which exception was taken. We think the motion correctly refused. There is no recital of any facts in the bill of exception. A bill of exceptions to be sufficient must in itself be full and complete without reference to other parts of the record.

The special charge set out in bill of exception No. 8 which complains of the refusal thereof by the court, is clearly upon the weight of the evidence, and is not a correct statement of the law. It is not necessary to the sufficiency of an affidavit for search warrant that it state the number of rooms in a private residence as part of its description thereof in the warrant, nor is it necessary to say that in such house intoxicating liquor is possessed for the purpose of sale. The two fact requisites in averment in the affidavit for search warrant to search a private residence,—as prescribed in article 691, P. C.,—are that in

same intoxicating liquor is being sold or manufactured. Green v. State, 12 S. W. (2d) 790. We do not think the complaints of the court's charge set out in bills of exception Nos. 9, 10 and 11 have any merit.

Bill of exception No. 12 states that after the state and appellant had respectively made their challenges and handed in their jury lists, only eleven jurors had been obtained, and a talesman had to be gotten to complete the jury. No ground of objection to the twelfth juror is made in the bill, but same states further that "It was discovered" that seven of the eleven jurors already selected had sat upon another trial of this appellant on the preceding day, and that appellant objected to further proceeding with the trial because he deemed it reasonable that said seven jurors might be prejudiced against him. Just why this objection was not presented in limine, and before these jurors had been selected, is not shown; nor is it made to appear whether the case for which appellant was on trial the day before was a case of the same kind or character as the instant case, or grew out of the same transaction or otherwise. Such a bill presents nothing for our review.

The facts in the case seem amply sufficient to justify the verdict of the jury. A large quantity of beer and whisky was found in appellant's house by the searching officers. He succeeded in breaking a gallon jug of whisky during the search, but other whisky was found and that together with the beer fully warranted the jury in their verdict.

No error appearing, the judgment will be affirmed.

*Affirmed.*