## JACK COTHRAN V. THE STATE.

No. 21863. Delivered January 21, 1942.
Rehearing Denied March 25, 1942.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Possession of whiskey for the purpose of sale is the offense; the punishment, a fine of $100.00.

Peace officers, under the authority of a search warrant, made a search of appellant's residence and found, secreted and hidden therein, fifty half pints of whiskey. Appellant was present at the time, and a search of his person produced two half pints of whiskey.

It was agreed that San Saba County was a dry area.

The appellant did not testify as a witness in his own behalf.

The facts were sufficient to authorize appellant's conviction.

Appellant objected to the testimony of the officers showing the result of the search of his home as also of his person, because of a defective search warrant. One of the claimed defects alleged was that the search warrant failed to contain a sufficient description of the house and premises to be searched. The description of the premises, as contained in the affidavit and search warrant, was as follows:

"1st. That in and upon certain premises in Justice Precinct No. One, in the aforesaid County and State and more particularly described as follows, to-wit: a certain 3 room house on NW corner of a 5/6 of an acre of land described in deed from B. Thornton and wife, to Mrs. S. C. Deaton recorded in Vol. 41, page 148, deed records of San Saba county, Texas, part of O. Wilcox sur No. 38, in San Saba town, an old box house east of and across the street, from the the Casbeer house occupied by Nance, and now occupied by Jack Cathron as his home — —
— — — — — — — — — — — — — —
— — — — — — — — — — — — — —
— — — — — — — — — — — — — —
— — — — — — — — — — — — — —
— — — — — — — — — —."

Such description was sufficient. Boone v. State, 114 Tex. Cr. R. 653, 26 S. W. (2d) 655; Rathert v. State, 126 Texas Cr. R. 484, 72 S. W. (2d) 276; Carnell v. State, 126 Tex. Cr. 104, 70 S. W. (2d) 152; Comeaux v. State, 118 Tex. Cr. R. 223, 42 S. W. (2d) 255; Branch v. State, 116 Tex. Cr. R. 205, 33 S. W. (2d) 1069; Tate v. State, 116 Tex. Cr. R. 340, 31 S. W. (2d) 453; McCarty v. State, 123 Tex. Cr. R. 34, 57 S. W. (2d) 114; La Fitte v. State, 122 Tex. Cr. R. 239, 54 S. W. (2d) 133.

It is insisted that there was a variance between the descrip-

tion of the house as contained in the search warrant and that which was actually searched, in that the house which was searched was a four-room house rather than a three-room house as described in the search warrant. A search warrant need not allege the number of rooms in the house to be searched. Such allegation in the search warrant is, therefore, immaterial. Wright v. State, 124 Tex. Cr. R. 487, 63 S. W. (2d) 851.

Appellant contends that the testimony of the officers as to their finding the two pints of whiskey on his person was obtained as a result of an illegal search. The search warrant, in addition to authorizing a search of appellant's residence, also authorized his arrest. The officers thereby had the authority to arrest appellant. The rule is well established that power to arrest authorizes a search of the person of the prisoner. Levine v. State, 4 S. W. (2d) 553, 109 Tex. Cr. R. 331; Bevins v. State, 7 S. W. (2d) 532, 110 Tex. Cr. R. 52.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Motion for rehearing in this case presents nothing new and the matters set out were thoroughly discussed, with authorities, in the original opinion. It is sufficient to say that we think it is without merit.

The motion for rehearing is overruled.