JOE RUSHING V. THE STATE.

No. 23829. Delivered December 10, 1947.

*Clay Coggins,* of Roby, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is possession of intoxicating liquor in a dry area for the purpose of sale. The punishment assessed is confinement in the county jail for a period of six months and a fine of One Thousand Dollars.

The record reflects that on the 5th day of April, 1947, the City Marshal of Rotan, Texas, and R. L. Wilkins appeared before the County Judge of Fisher County and made an affidavit to the effect that they were informed by credible persons that intoxicating liquor was possessed at a certain place giving a definite description of the house and premises as being possessed and controlled by Joe Rushing. Upon said affidavit the county judge issued a search warrant being dated on the same day. The search warrant was returned by the Sheriff of Fisher County on the 7th day of said month, showing that as a result of a search of said premises he found twelve pints and fifty-eight pints of mixed liquors.

On the trial of the case, appellant moved to quash the search warrant and to exclude any evidence of what the officers discovered as a result of the search of his premises. The court overruled the motion as well as the objections urged to the evidence to which appellant excepted and he brings the questions before this Court for review.

Appellant's contentions are (a) that the affidavit failed to show probable cause in that it is based on information by credible persons, etc., (b) because the affidavit fails to state the day or month in 1947 that affiants were informed by credible persons that intoxicating liquors were unlawfully possessed by Joe Rushing on the premises described, (c) that the sheriff failed to inform him that he had a search warrant to search his, appellant's, premises, (d) that the writing in the affidavit is illegible; that affiants could not read the handwriting and the same was not read to them before they signed it, (e) that the affidavit on its face shows no date, other than the year 1947, of when affiants were informed by credible persons that intoxicating liquors were being kept and possessed on said prem-

ises, (f) that the magistrate could not remember the identity of more than one of the affiants, (g) that viewing the matter under the most favorable light to the State, the court cannot supply that which does not appear therein.

We have examined the affidavit in question and deem it sufficient as a basis for the search warrant. The affidavit was made by R. L. Wilkins and A. E. Crowley on the 5th day of .April, 1947. It describes the premises for which a search warrant is sought, it recites that affiants were informed by credible persons that intoxicating liquor is being possessed at said place for sale by Joe Rushing in a dry area. It will be noted that the averment that "intoxicating liquor is being possessed" is in the present tense and means now, not at some time preceding nor at some subsequent time. It occurs to us that although the affidavit fails to state the day and month of the year, 1947, it appears from the affidavit that they, the affiants, were informed by credible persons that intoxicating liquor is being possessed, when given a reasonable construction, it means at the time of the making of the affidavit. That the magistrate could not remember the identity of more than one of the affiants is not material since the affidavit upon its face shows that it was made by R. L. Wilkins and A. E. Crowley. The mere fact that the magistrate may have known but one of the affiants and not both would not vitiate the affidavit. The record fails to reflect that any interlineations were made by the officers, or anyone else, hence, no error is shown in this respect. The fact that the sheriff failed to advise appellant that he had a search warrant to search his premises or to give him a copy thereof or failed to read it to appellant would not be any ground for excluding the fruits of the search from being introduced in evidence. See Justice v. State, 112 Tex. Cr. R. 586; Boyer v. State, 128 Tex. Cr. R. 76; McGee v. State, 121 Tex. Cr. R. 188; Elms v. State, 114 Tex. Cr. R. 642; and Cropper v. State, 111 S. W. (2d) 709.

Appellant's next contention is that the court erred in permitting the State, over his timely objection, to prove "that the house of defendant had a reputation for selling whiskey." The objection urged thereto was that it was hearsay, highly prejudicial and inflammatory. The court overruled the objection and he excepted. It is quite obvious that the testimony complained of was very injurious to appellant and the same should not have been admitted. See Young v. State, 92 Tex. Cr. R. 277. Although appellant presented no affirmative defense we cannot say that it was harmless error since the punishment

assessed exceeds the minimum prescribed by law for such an offense.

From what we have said it follows that the judgment of the trial court should be reversed and the cause remanded, and it is so ordered.

Opinion approved by the Court.