It is upon the foregoing facts that this conviction rests.

The appellant did not testify or offer any affirmative defensive testimony.

The trial court submitted the case to the jury upon the theory that the statements of the boy to the officers were those of a co-conspirator.

As we understand it, it is the theory of the state that the boy's testimony was sufficient to show that it was appellant's whisky in the car and that his statement that he was "just driving for her" and the further fact that the whisky and her purse were found in her car constitute sufficient evidence to support the conviction.

Regardless of when proof is made of the existence of a conspiracy or the acting together, the fact remains that in order to establish a conspiracy or the acting together there must be some evidence of some participation or interest in the commission of the crime, apart from the testimony of the alleged co-conspirator. 18 Tex.Jur., Evidence—Criminal Cases, Sec. 122, p. 213. The participation of another in the crime cannot be established, alone, by the declarations of third persons in the absence of the accused, and there must be evidence apart from any acts or declarations of the alleged co-conspirators which will tend to show an acting together of the parties. 18 Tex.Jur., Evidence—Criminal Cases, Sec. 121, p. 212.

The instant facts do not meet the requirement of the rules stated, and we are therefore constrained to agree that the facts are insufficient to support the conviction.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.

CONDRA et al. v. ANDERSON et al.

No. 12458.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 21, 1953.

Marvin Reynolds, San Antonio, for appellant.

Harvey L. Hardy, C. J. Matthews and John F. Onion, San Antonio, for appellee.

POPE, Justice.

Appellants have appealed from a judgment sustaining appellees' special exceptions and motion for summary judgment. Thelma Condra, Frances Condra and Rosie Hay, appellants, filed suit against the Bexar County District Attorney, two of his investigators, and two detectives from the City of San Antonio, for the purpose of recovering damages arising out of a claimed illegal entry and search of their premises. Their petition alleged that the search was illegal because the warrant contained an inadequate description of the premises to be searched, and also because the search was forcibly made without reading or exhibiting the warrant to the occupants of the premises. Those are the only legal grounds asserted in the pleadings or affidavits on motion for summary judgment in support of the claimed void nature of the warrant.

The affidavits on the motion for summary judgment showed that Guy Buckelew and Charles Ryan, two detectives for the City of San Antonio, applied to a Justice of the Peace for a warrant to search "a one-story building situated at 1101 Pleasanton Road and any and all other edifices and automobiles on and at said premises in the City of San Antonio, Bexar County, Texas, and being the premises under the control of and in charge of unknown parties, whose names and descriptions are unknown." The Justice duly issued a warrant for a search and described the premises in the same words as used in the complaint. The detectives then went to the office of the District Attorney and requested that investigators from that office accompany them, and appellees Gus Brown and Joe Garza were assigned to the case to aid in executing the warrant.

When the four men arrived at the premises, two of them went to a front door and two went to the back door of the house. They then entered the house from both directions. A lady occupant told them that there were two apartments in the house and that the apartments were separated by a hallway. The officers then proceeded into the adjoining apartment, made a search and discovered gambling equipment and paraphernalia. Appellants were not in control of the apartment where the gaming equipment was found. That apartment was leased by and was under the control of another person. There is no showing that the apartments were separately numbered to indicate to the officers that the premises contained two separate apartments.

The warrant was not void by reason of insufficient description of the premises. The description in the warrant was adequate under the authority of many cases which have discussed the sufficiency of description in a search warrant. The reasons and parallel examples may be found in the decided cases without our repeating them. Williams v. State, 154 Tex.Cr.R. 388, 227 S.W.2d 224; Welch v. State, 143 Tex.Cr.R. 529, 154 S.W.2d 248; Cothran v. State, 143 Tex. Cr.R. 568, 159 S.W.2d 875; Rhodes v. State, 134 Tex.Cr.R. 553, 116 S.W.2d 395; Wright v. State, 124 Tex.Cr.R. 487, 63 S. W.2d 851; Comeaux v. State, 118 Tex.Cr. R. 223, 42 S.W.2d 255.

Giving the affidavits considered at the summary judgment proceedings the effect contended for by the appellants, the officers entered appellants' apartment without consent and did not exhibit the warrant, although it was in their possession. It has been consistently held in Texas that a search is not rendered illegal by reason of an officer's failure to notify the occupant of the premises that he was in possession of a valid search warrant. The correct rule is stated in Justice v. State, 112 Tex.Cr.R. 586, 18 S.W.2d 657, 658, as:

"An officer ought to give notice of his purpose as directed by said article,

both for his own protection and in fairness to the party whose premises are to be searched. A failure to give such notice would frequently throw light upon and determine the legality or otherwise of the conduct of all parties at the time of the search, but this phase of the question is not in the present case. A failure to give the notice provided in the article quoted would not, in our opinion, render the search illegal, and therefore would not result in the rejection of the evidence obtained as a result thereof."

The statement could be construed as dicta in the Justice case, but the rule has been followed and restated in many subsequent cases. Rushing v. State, 151 Tex.Cr.R. 221, 206 S.W.2d 252; Boyer v. State, 128 Tex. Cr.R. 76, 79 S.W.2d 318; McGee v. State, 121 Tex.Cr.R. 188, 51 S.W.2d 714; Elms v. State, 114 Tex.Cr.R. 642, 26 S.W.2d 211.

The judgment of the trial court is affirmed.