**Walter Leonard GATES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43082.**

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

Rehearing Denied Oct. 28, 1970.

Dalton Gandy, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Ronald W. Quillin, George McManus, and Roger W. Crampton, Asst. District Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery with firearms; the punishment, life.

The indictment alleged the robbery of Harles Glen McNeill. A prior conviction for murder with malice was alleged for enhancement (Art. 64 P.C.) and was admitted and proved.

Trial was before a jury on a plea of not guilty. The jury rejected appellant's defense of alibi and found him guilty.

Appellant having so elected, the punishment was assessed by the court.

The sufficiency of the evidence to sustain the conviction is not challenged.

The sole ground of error set forth in the brief of appellant's able court appointed counsel is: "The Court erred in permitting the State's Witness, McNeil_to give in-court identification testimony as same was tainted by the witness having previously viewed the defendant in a lineup."

Hearing was held in the absence of the jury on the defendant's pre-trial motion to suppress "all testimony concerning a lineup and alleged identification of the defendant by the injured party," for the reason that such lineup was held at a critical stage of the prosecution and in the absence of counsel for the defendant, and for the reason that the defendant was not furnished a lawyer to be present at the lineup and "defendant had not and did not waive the presence of counsel."

The evidence adduced at such hearing supports the trial court's findings: (1) That the lineup was conducted in accordance with the approved and suggested procedure,[1] and in a non-suggestive manner and (2) that the witness McNeill "apparently had ample opportunity to view the defendant at the time of the offense."

Written waiver of the right to have an attorney present at an identification lineup, signed by appellant after proper warning of officers in the presence of a witness, was introduced in evidence at the hearing. Appellant admitted signing the waiver and the evidence shows that he is able to read and write. The court was not bound to accept as true his further testimony that he signed the waiver in order to *obtain* a lawyer.

The witness McNeill testified without objection at the trial before the jury that appellant was the man who stuck a sawed-off shotgun in his face and robbed him. He also testified without objection that he identified appellant and his companion at a lineup without hesitation.

The trial court did not err in admitting the identification testimony of the prosecuting witness McNeill.

The judgment is affirmed.

---

1. Martinez v. State, Tex.Cr.App., 437 S.W.2d 842; United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.