David **MARTINEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44173.

Court of Criminal Appeals of Texas.

Nov. 9, 1971.

Rehearing Denied Dec. 21, 1971.

Dan J. Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., and James S. Moss, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of heroin. Trial was before a jury with punishment set by the court at life imprisonment.

Appellant was arrested during the course of a search, with warrant, of a duplex in Dallas. Appellant apparently did not live at the location, but was only a visitor.

The officers approached the duplex and knocked on the front door. A voice inside inquired in Spanish as to who was at the door, and the officer replied, "Rafaeli." The question and answer were repeated. The door was then opened from the inside and the officers entered.

Once inside, the officers found two persons sitting at a table in the kitchen, one of whom was packaging or "capping" heroin. (See the companion case: Valdez v. State, 472 S.W.2d 754, Tex.Cr.App.1971.)

The officers proceeded to the bathroom of the duplex, which was adjacent to the kitchen. The bathroom door was locked, so one of the officers kicked it open. The officers then saw three people in the room, one of whom was the appellant.

Appellant was kneeling down next to the toilet. He had a "tie-off rag"[1] on his arm and he held a hypodermic syringe at his arm.

Before the officers could enter, one of the occupants of the room kicked the door shut. The officers then kicked it open again and entered. As they entered, two of the occupants threw several capsules of heroin to the floor. By the time they regained entry, appellant no longer held the syringe, but two syringes were found on the floor next to him. A later chemical analysis indicated that the syringes did not contain drugs.

The officers also found two "burnt-spoons"[2] on a gas heater which was located next to the toilet in the bathroom, along with several matches and two needle

---

1. A "tie-off rag," according to the testimony of one of the officers, is used to raise the vein in the arm prior to injection.

2. According to the testimony of one of the officers, a "burnt-spoon" is used to dissolve heroin so that it can be injected with a syringe. The heroin powder, along with water, is placed in the spoon and then heated with a match until it dissolves, at which time it can be injected.

holders. A later laboratory analysis indicated that the spoons contained heroin.

One of the officers who participated in the search, I. F. Van Cleve, testified that he, unlike the other officers who were members of the Narcotics Section of the Dallas Police Department, was a detective with the Burglary and Theft Division. He testified that he and another detective from the same division went to the house where appellant was arrested for the purpose of recovery of a color television set which belonged to some person who was not on the premises.

Appellant's first ground of error complains that the testimony of Officer Van Cleve constituted the introduction of evidence of an extraneous offense and therefore its admission was erroneous.

There was no objection to this testimony when it was offered in the trial court, nor is there any showing of a reason why the objection could not have been interposed. Therefore, no reversible error is shown, e. g., Fausett v. State, 468 S.W.2d 92 (Tex.Cr.App.1971); Pointer v. State, 467 S.W.2d 426 (Tex.Cr.App.1971); Brown v. State, 464 S.W.2d 134 (Tex.Cr.App. 1971); Brown v. State, 460 S.W.2d 925 (Tex.Cr.App.1970); Richardson v. State, 458 S.W.2d 665 (Tex.Cr.App.1970).

Appellant's second ground of error complains of the trial court's denial of his Motion to Suppress Evidence and the subsequent admission into evidence of the fruits of the search. He solely contends that the search was conducted in violation of Art. 18.16, Vernon's Ann.C.C.P., which provides:

"The officer shall, upon going to the place ordered to be searched, or before seizing any property for which he is ordered to make search, give notice of his purpose to the person who has charge of, or is an inmate of, the place, or who has possession of the property described in the warrant."

In the instant case, it is evident that there has not been compliance with this Article. By the officers' own testimony, no notice of their purpose was given to any occupant. Nevertheless, failure to comply with this Article (or its predecessor) does not render the search illegal nor the evidence seized pursuant thereto inadmissible. Kirby v. Beto, 426 F.2d 258 (5th Cir. 1970); Rushing v. State, 151 Tex.Cr.R. 221, 206 S.W.2d 252 (1947); Boyer v. State, 128 Tex.Cr.R. 76, 79 S.W.2d 318 (Tex.Crim. App.1935); Elms v. State, 114 Tex.Cr.R. 642, 26 S.W.2d 211 (1930); Justice v. State, 112 Tex.Cr.R. 586, 18 S.W.2d 657 (1929, cited in Kirby v. Beto, supra); Condra v. Anderson, 254 S.W.2d 528 (Tex.Civ.App.— San Antonio, 1953, no writ history).

Appellant further urges, in a *pro se* brief, that the evidence was insufficient to support the conviction and that the admission of testimony concerning the hypodermic syringes was error. These two contentions will be considered together.

The evidence, as summarized above, indicated that appellant was found with the means and apparent capability of injecting heroin, and that he was apparently in the process of injecting some drug. Further, heroin was found in the spoons which were located next to appellant. The possession of narcotics paraphernalia in such close proximity to the heroin, and, further the apparent *use* of such equipment at the time of arrest is sufficient to show that appellant knew of and was in possession of the heroin.

The evidence concerning the narcotics paraphernalia was relevant and admissible as tending to show possession, or knowledge. Likewise, the close proximity of the heroin coupled with the possession of paraphernalia which would be used in taking the heroin, provide sufficient evidence upon which the jury could convict. Smith v. State, 472 S.W.2d 121, Tex.Cr. App.1971.

The judgment is affirmed.