**Michael Angelo PIZZALATO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 48941.

Court of Criminal Appeals of Texas.

Sept. 18, 1974.

Ronald N. Hayes, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Gregory Laughlin, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of robbery by assault. Punishment was assessed at fifteen years.

R. L. Woodward testified that at about 2:30 A.M. on May 31, 1972, two armed men, one of whom he identified as appellant, forcibly entered his home, tied him, his wife and four children, ransacked the house, robbed him of money, a television set, four radio sets, a Kodak, tape recorder, other household articles, and a station wagon. Other members of the family supported his testimony, except that they did not identify appellant. Both men were wearing masks when these other witnesses saw them. Carl Avara, an accomplice witness testifying for the State, stated that he was with appellant and one Duane Gillingwater on the night in question. The three drove "around all over Houston looking for a place to rip off." After deciding on the Woodward house, Avara stayed in the car as a look-out, while the other two men went in the house. Three and one-

half hours later, at about 6:00 o'clock A. M., the two men, driving a station wagon containing a quantity of stolen articles, joined him. Appellant told Avara of the details of the robbery in the Woodward home, substantially as testified by Woodward.

In his first ground, appellant complains about the court's failure to suppress his in-court identification by the complaining witness Woodward.

Prior to permitting such in-court identification, the court conducted a separate hearing in the absence of the jury to determine its admissibility. See Martinez v. State (Tex.Cr.App.), 437 S.W.2d 842. At the conclusion of the hearing, the court ruled that the evidence established that there had been no violation of appellant's rights concerning the identification process, and overruled appellant's motion to suppress. The findings and ruling of the court are supported by the record.

The record reflects that on July 4, 1972, appellant, a resident of Baton Rouge, Louisiana, turned himself in to police of that city and was placed in a jail cell. The officers promptly read to him the "Miranda" warning which is in the record. At that time, the police did not know of this robbery, but wanted appellant on a marihuana charge. After a search of appellant's residence and a U-Haul trailer located on the premises revealed certain articles bearing the name of the prosecuting witness, Woodward was asked to come to Baton Rouge to identify certain articles and to view a lineup. On July 6, Woodward went to the jail, and walked down the cell blocks viewing the prisoners in them. After looking in twelve cells, all occupied by white male prisoners, he "made what I thought to be a tentative identification." He stated that "I made it on my own memory. No one suggested that one man or the other would be a suspect." Due to the poor lighting in the cell, he asked that he be allowed to see this man in better light. This tentative suspect was then placed in a lineup with four or five other white men.

Woodward described the men in the lineup as being "varying in size, I would say there were some slender ones and heavyset ones. There were no fat ones or short ones." He stated that there were some in the lineup approximately appellant's size and age. Woodward promptly identified appellant, who was the man he first tentatively identified, as one of the robbers. He testified definitely that the identification was based upon his "memory and recollection of prior events," and not upon anyone's suggestion as to whom to select. His in-court identification in the presence of the jury was likewise based upon his observation of appellant in witness' home on the occasion of the robbery.

The robbers were not masked when Woodward first saw them. He had the opportunity to view appellant in the lighted room for over fifteen minutes before the latter put a stocking over his face, and before Woodward was blindfolded and tied up.

We find no evidence in the record that the identification process was impermissibly suggestive or conducive to irreparable mistaken identification. Anderson v. State (Tex.Cr.App.), 501 S.W.2d 327; Cole v. State (Tex.Cr.App.), 474 S.W.2d 696; Perryman v. State (Tex.Cr.App.), 470 S.W.2d 703; Elliott v. State (Tex.Cr.App.), 444 S.W.2d 914; Atkinson v. State (Tex.Cr.App.), 511 S.W.2d 293.

The record reflects that at the time of the lineup no formal charge had been filed against appellant. In the absence of such a charge, the constitutional right to have an attorney present at the lineup had not attached. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411; Ward v. State (Tex.Cr.App.), 505 S.W.2d 832; Ellingsworth v. State (Tex.Cr.App.), 487 S.W.2d 108; Winn v. State (Tex.Cr.App.), 503 S.W.2d 816.

Nevertheless, appellant, prior to appearing in the lineup, executed in writing a waiver of any right he had to have an attorney present. In the waiver he stated

that he understood what he was doing, and no threats, promises or pressure had been made to induce him to execute the waiver.

Appellant now argues that the evidence shows that he was so full of drugs that he was not competent to execute this waiver. The testimony of the officer present and the complaining witness was to the contrary. Gates v. State (Tex.Cr.App.), 458 S.W.2d 676.

Further, we note that the State did not attempt to bolster Woodward's in-court identification by use of any pretrial identification. The in-court identification was clearly of independent origin and not tainted by the confrontation in the jail even if the latter could be said to have been improperly conducted. Cole v. State, supra (474 S.W.2d p. 699); Piper v. State (Tex. Cr.App.), 484 S.W.2d 776.

The first ground of error is overruled.

■ Appellant's second ground alleges error of the trial court in overruling his motion to suppress evidence, and in admitting, over his objection, certain articles in evidence seized as the result of an alleged illegal search of his residence and a U-Haul trailer situated on the premises. These articles were identified by the complainant Woodward as having been taken by the robbers on the occasion in question. Appellant contends that these items were "not located at that described residence, but were located in a U-Haul trailer near those premises" and that "such warrant in this case is too broad as it purports to authorize the search of both the residence and of any other place of concealment located at that address. The officers involved in this search had ample opportunity, had they been able to show probable cause, to obtain a warrant to search the U-Haul trailer located near the premises which they were authorized to search." Appellant cites no authority for this contention.

The search warrant authorized the search of "the residence occupied by Mike Pizzalato, located at the first house south of 4035 Alliquipa on Alliquipa Street in the Parish of East Baton Rouge, State of Louisiana" and "includes all other structures, vehicles and places on the premises." The affidavit attached to the search warrant contained the same description. Some of the articles admitted in evidence were found by the officers in the residence, and others were discovered in a U-Haul trailer parked in the front yard of the residence, and close by it. Appellant objected to the admission of the articles found in the trailer on the ground that such evidence was found in the trailer, and not in the premises or residence.[1]

The court properly overruled this objection. The search warrant clearly authorized the search of the U-Haul trailer, which was situated close by the residence of appellant on the same premises in the front yard. Torres v. State, 161 Tex.Cr.R. 480, 278 S.W.2d 853; Welch v. State, 143 Tex.Cr.R. 529, 154 S.W.2d 248, motion for rehearing overruled, 143 Tex.Cr.R. 529, 155 S.W.2d 616; cert. den. 315 U.S. 808, 62 S.Ct. 797, 86 L.Ed. 1207; Wright v. State, 124 Tex.Cr.R. 487, 63 S.W.2d 851; Tubbs v. State, 124 Tex.Cr.R. 65, 60 S.W. 2d 220; Comeaux v. State, 118 Tex.Cr.R. 223, 42 S.W.2d 255; Condra v. Anderson (Tex.Civ.App.), 254 S.W.2d 528 (n. w. h.).

■ Appellant also argues under his second ground of error that the search warrant was defective because it was issued pursuant to an affidavit which did not adequately set forth the underlying circumstances from which the affiant concluded that the informant was credible and his information reliable.

A review of appellant's motion to suppress the evidence, and of his objections to the admission of evidence of the articles seized in the alleged illegal search reveals

1. Other grounds of objections made by appellant to the introduction of this evidence are not brought forward on this appeal, and hence are not before us for review.

that he did not raise any contention in the trial court concerning the inadequacy of the affidavit. This contention is made by appellant for the first time on this appeal.

Recently, in Ex parte Bagley (Tex.Cr. App.), 509 S.W.2d 332, we stated;

"This Court has consistently held that in order to complain about the admissibility of a confession, even in regard to a violation of Miranda, and *other federally guaranteed constitutional rights*, there must be an objection in the trial court. Aldrighetti v. State, Tex.Cr.App., 507 S. W.2d 770 (1974); Spead v. State, Tex. Cr.App., 500 S.W.2d 112; Jones v. State, Tex.Cr.App., 501 S.W.2d 308; Taylor v. State, Tex.Cr.App., 489 S.W.2d 890; Rawlinson v. State, Tex.Cr.App., 487 S. W.2d 341; Moore v. State, Tex.Cr.App., 480 S.W.2d 728; Clark v. State, Tex. Cr.App., 470 S.W.2d 869; Green v. State, Tex.Cr.App., 467 S.W.2d 481; Mason v. State, Tex.Cr.App., 459 S.W.2d 855; Evans v. State, Tex.Cr.App., 444 S.W.2d 641. *Furthermore, the objection, if any, must have called the attention of the trial court to the particular complaint raised on appeal.* Rawlinson, supra; Salas v. State, Tex.Cr.App., 486 S.W.2d 956; Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728; Lawhon v. State, Tex.Cr. App., 429 S.W.2d 147." [Emphasis added].

As stated in Sierra v. State (Tex.Cr. App.), 482 S.W.2d 259, p. 264, "It is elementary that an appellant may not rely upon a ground of objection on appeal which he has not raised in the trial court."

See, also, Wood v. State (Tex.Cr.App.), 511 S.W.2d 37; Griffin v. State (Tex.Cr. App.), 481 S.W.2d 838; Evans v. State (Tex.Cr.App.), 480 S.W2d 387; Pitts v. State (Tex.Cr.App.), 478 S.W.2d 555; McCary v. State (Tex.Cr.App.), 477 S.W. 2d 624; Branch v. State (Tex.Cr.App.), 477 S.W.2d 893; Hinkle v. State (Tex.Cr. App.), 442 S.W.2d 728; United States v. Hall, 440 F.2d 1277 (5th Cir. 1971).

We conclude that, in the absence of an objection in the trial court questioning the sufficiency of the affidavit on which the search warrant was based, this complaint is not before us for review.

The second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.